1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

8
9
10
11

BARRY DEAN MILLER,

                Petitioner,

   v.

BEN CURRY, WARDEN,

           Respondent.

_____/

1: 07 CV 01214 AWI  WMW HC

FINDINGS AND RECOMMENDATIONS RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

[Doc. 15]

12
13
14
15
16
17
18
19
20
21
22
23

     Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

### PROCEDURAL HISTORY

     Petitioner was convicted of inflicting corporal injury on a cohabitant (Pen. Code § 273.5(a), dissuading a victim from reporting a crime (Pen. Code § 136.1(c)(1); assault with a deadly weapon (Pen. Code § 245(a)(1); and making a criminal threat (Pen. Code § 442).  The jury found true the enhancement allegation that Petitioner inflicted great bodily injury in the commission of count one.

24
25
26
27
28

1  The trial court sentenced Petitioner to serve a determinate state prison term of 10 years and 8

2  months.

3      Petitioner filed a direct appeal with the Court of Appeal, Fifth Appellate District.  On May 2,

4  2003, the Court of Appeal modified the judgment to stay the eight-month term imposed on count

5  four and affirmed the judgment in all other respects.    Petitioner filed a petition for review with the

6  California Supreme Court, which the court denied on July 9, 2003.

7      Petitioner filed five pro se state post-conviction collateral challenges to his conviction.

8      On November 20, 2003, Petitioner filed federal habeas corpus petition challenging the same

9  conviction challenged in the present action.  This petition, filed as  Miller v. Alameida, 1:03cv6638

10  NEW, was denied on June 23, 2006.

11                                    **LEGAL STANDARD**

12  JURISDICTION

13      Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant

14  to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of

15  the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 120 S.Ct.

16  1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by

17  the United States Constitution.  In addition, the conviction challenged arises out of the Madera

18  County Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a);

19  2241(d).  Accordingly, the court has jurisdiction over the action.

20      On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

21  1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.

22  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118

23  S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v.

24  Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997),

25  *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding

26  AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after

27  the enactment of the AEDPA, thus it is governed by its provisions.

28  *//*

1  STANDARD OF REVIEW

2       This court may entertain a petition for writ of habeas corpus "in behalf of a person in

3  custody pursuant to the judgment of a State court only on the ground that he is in custody in

4  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

5       The AEDPA altered the standard of review that a federal habeas court must apply with

6  respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v.

7  Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will

8  not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or

9  involved an unreasonable application of, clearly established Federal law, as determined by the

10  Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable

11  determination of the facts in light of the evidence presented in the State Court proceeding." 28

12  U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth

13  Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120

14  S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court

15  concludes in its independent judgment that the relevant state-court decision applied clearly

16  established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted).  "Rather,

17  that application must be objectively unreasonable." Id. (citations omitted).

18       While habeas corpus relief is an important instrument to assure that individuals are

19  constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392

20  (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal

21  conviction is the primary method for a petitioner to challenge that conviction.  Brecht v.

22  Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual

23  determinations must be presumed correct, and the federal court must accept all factual findings

24  made by the state court unless the petitioner can rebut "the presumption of correctness by clear and

25  convincing evidence."  28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769

26  (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380,

27  1388 (9th Cir. 1997).

28  //

**DISCUSSION**

Respondent moves to dismiss this petition on the ground that it is an unauthorized second or successive petition.  Petitioner opposes the motion.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a Petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the Attorney General, thus avoiding the necessity of a formal answer as to that ground."  The Ninth Circuit has referred to a Respondent's Motion to Dismiss as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.


Under AEDPA's "gatekeeping" provisions, an applicant seeking to file a second or successive petition must obtain from the appropriate court of appeals an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A).  Section 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

> (A) the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(I)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

>   (ii)  the facts underling the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)-(B).

"Generally, a new petition is 'second or successive' if it raises claims that were or could

1   have been adjudicated on their merits in an earlier petition." Cooper v. Calderon, 274 F.3d 1270,

2   1273 (9th Cir.2001).  Even if a petitioner can demonstrate that he qualifies for one of the exceptions

3   set forth in 28 U.S.C. § 2244(b)(2), he must seek authorization from the court of appeals before

4   filing his new petition with the district court.  28 U.S.C. § 2244(b)(3).

5          In this case, Petitioner seeks to raise a claim pursuant to Cunningham v. California, 127

6   S.Ct. 856 (2007).  In Cunningham, the Court held that  held that California's determinate sentencing

7   law, which authorized the judge, not the jury, to find facts exposing a defendant to an elevated

8   upper term sentence, violated the defendant's Sixth and Fourteenth Amendment  rights to trial by

9   jury.  The Court explained, "the Federal Constitution's jury-trial guarantee proscribes a sentencing

10  scheme that allows a judge to impose a sentence above the statutory maximum based on a fact,

11  other than a prior conviction, not found by a jury or admitted by the defendant."  Id. at 859.  In

12  support, the Court cited  Apprendi v. New Jersey, 530 U.S. 466 (2000); Ring v. Arizona, 536 U.S.

13  584 (2002); Blakely v. Washington, 542 U.S. 296 (2004); and United States v. Booker, 543 U.S.

14  220.  In reaching this conclusion, the Court rejected the decision in People v. Black,  35 Cal.4th

15  1238, 29 Cal.Rptr.3d 740 (2005), in which the California Supreme Court found that California's

16  upper term determinate sentencing law procedure was constitutional under Apprendi, Blakely, and

17  Booker.

18         In this case, Petitioner argues that he could not have raised his claim earlier, because

19  Cunningham announced a new rule of law.  However, the Ninth Circuit expressly ruled recently that

20  Cunningham did not announce a new rule of constitutional law.  Butler v. Curry, ___F.3d ___ 2008

21  WL 2331440 (9th Cir. 2008).  It held that to the contrary, Apprendi, Blakely, and Booker established

22  that  sentencing schemes that raise the maximum possible term based on facts not found by a jury

23  violate the constitutional rights of defendants.  Accordingly, the court must reject Petitioner's

24  argument that he could not have raised this claim earlier.

25         The court finds, therefore, that the present petition is a second or successive petition under

26  Section 2244(b)(2) and that Petitioner cannot proceed with this petition absent authorization from

27  the Ninth Circuit.  Accordingly, the court finds that Respondent's motion to dismiss must be

28  granted.

1       Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

2   1)      that Respondent's motion to dismiss be GRANTED;

3   2)      that the petition for writ of habeas corpus be DISMISSED without prejudice to Petitioner's

4           right to refile the petition after obtaining authorization to do so from the Ninth Circuit; and

5   3)      the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

6

7       These Findings and Recommendation are submitted to the assigned United States District

8   Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the

9   Local Rules of Practice for the United States District Court, Eastern District of California.  Within

10  thirty (30) days after being served with a copy, any party may file written objections with the court

11  and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate

12  Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within

13  ten (10) court days (plus three days if served by mail) after service of the objections.  The court will

14  then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are

15  advised that failure to file objections within the specified time may waive the right to appeal the

16  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17

18

19  IT IS SO ORDERED.

20  **Dated:    June 10, 2008**                            **/s/  William M. Wunderlich**
                                                    UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28